[No. 2266, May 9, 1919.]

# FIRST NAT. BANK OF ROSWELL v. PAYTON et al.

### SYLLABUS BY THE COURT.

In attachment statutes, such as our section 4299, Code 1915, all that is essential is that the debtor is a nonresident of the state where the attachment is sued out; and such statutes do not require that he should be a resident elsewhere. Evidence reviewed, and **held** to sustain finding that the appellants were nonresidents of this state within the meaning of the statute.

Appeal from District Court, Chaves County; McClure, Judge.

Suit by the First National Bank of Roswell against B. D. W. Payton and another, with attachment on ground of defendants' nonresidence. Motion to dismiss attachment denied, and judgment for plaintiff with levy and sale, and defendants appeal. Affirmed.

RAYNOLDS & NEIS, of Roswell, for appellants.

TOMLINSON FORT, of Roswell, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. Appellee filed a suit in the district court of Chaves county upon a note signed by the appellants, and sued out an attachment upon the ground that the appellants were nonresidents of the state and did not reside within the state of New Mexico. The sheriff, having failed to find appellants within the state, attached a certain house and lot in Roswell, N. M., as the property of appellants. Mrs. Payton, one of the appellants, having subsequently returned to the state, was personally served, and later both appellants appeared in said cause by attorney, and filed a traverse of the ground of attachment and a motion to dissolve the same, wherein they alleged that they were at the time said attachment issued bona fide residents of New Mexico. The cause was tried by the court upon the issues raised by this answer or motion, and, after hearing the evidence, the court found that appellants were nonresidents, and sustained the attachment and denied the motion to dismiss. Judg-

ment was rendered for appellee for the amount of the debt claimed, and the property levied on was ordered sold to satisfy the same. To review such judgment this appeal is prosecuted.

The single question submitted by appellants upon which they rely for a reversal of the judgment is whether the court erred, under the evidence submitted, in finding that the appellants were nonresidents of New Mexico at the time the writ of attachment issued. The evidence in the case shows that the appellants, B. W. D. Payton and Anna L. Payton, were husband and wife; that prior to June, 1916, they had lived at Roswell in a house owned by Mrs. Payton, but a different house from the one levied on by the attachment. They had resided in Roswell continuously for about 17 years. The attachment was filed August 25, 1917. In July, 1916, B. W. D. Payton went to Dallas, Tex., and entered the employ of his brother; remained in Dallas 5 months, and went from there to Ft. Worth, Tex., and later back to Dallas, during all of which time he was employed by his brother. Early in July, 1917, Payton went to El Paso, Tex., and entered the employ of the Scott Drug Company, and was in the employ of this company at the time the attachment was sued out. Since leaving Roswell, Payton had never returned even for a visit and had not been within the state of New Mexico since July, 1916.. Mrs. Payton testified that at the time her husband left Roswell he did so because he could not get employment there, and that he would return to Roswell at any time when he could find employment. For more than a year after Mr. Payton went to Texas his wife and children remained in Roswell, occupying the house owned by Mrs. Payton, but not the house levied on. Some time in the latter part of July or the first of August Mrs. Payton sold the house which she had been occupying; had all of her furniture crated and packed for shipment, some of it being marked with tags, addressed to El Paso, and stored her furniture in the barn of her brother. She denied that she had directed the shipping tags put on the crates. The house which was attached was at that time rented to Dr. Rose by the

month, and had been occupied by him for more than a year. When Mrs. Payton arrived at El Paso, her husband was occupying a room rented by the week, but after her arrival she rented a furnished apartment by the month, and Mr. Payton occupied the same with her. She placed the children in school in El Paso. Shortly after being notified of the levy of the attachment she returned to Roswell, went to her house occupied by Dr. Rose, and told him that it was necessary for her to establish a residence there because of this attachment suit, and insisted that she be allowed to occupy a room and put some of her furniture therein. She spent the night in the house and ate her meals out. Her children did not stay with her in the room because there was scarlet fever in the house. Mrs. Payton testified that she did not go to El Paso with the intention of remaining for more than two or three months.

Upon this evidence the court found that both Mr. and Mrs. Payton were nonresidents. We think the evidence justified the court in finding that neither of appellants were residents of the state at the time the attachment was sued out. The facts and circumstances in evidence justified the conclusion that appellants were not residents of the state within the attachment statute. In 2 R. C. L. p. 818, it is said:

"The prominent idea is that the debtor must be a nonresident of the state where the attachment is sued out, not that he must be a resident elsewhere. The essential charge is that he is not residing or living in that state; that is, he has no abode or home within it, where process may be served so as effectually to reach him. In other words, his property is attachable if his residence is not such as to subject him personally to the jurisdiction of the court and place him upon an equality with other residents in this respect."

In attachment statutes, such as our section 4299, Code 1915, all that is essential is that the debtor is a nonresident of the state where the attachment is sued out, and such statutes do not require that he should be a resident elsewhere. The appellants were not residing or living in the state. They had no home within the state where process could be served upon either of them. In a case

note to the case of Raymond v. Leishman, L. R. A. 1915A, p. 400, there will be found many cases upon the subject of what is nonresidence for the purpose of attachment. As all the cases are collected in the note to this case, further citation of authority would be surplusage.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

---

[No. 2159, Jan. 25, 1919.]
[Rehearing Denied June 7, 1919.]
## CRAWFORD v. LONGUEMARE et al.